UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY DUKES,

     Plaintiff,

v.                                                                Case No: 8:18-cv-2176-T-17JSS

AIR CANADA,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Joint Motion for Preliminary Approval of Class Action Settlement ("Motion"). (Dkt. 36.) For the reasons that follow, the Court recommends that the Motion be granted.

## BACKGROUND

Plaintiff, on behalf of herself and others similarly situated, brings this class action against Defendant for violations under the disclosure, authorization, and adverse action provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b(b)(2)(A)(i), 1681b(b)(2)(A)(ii), 1681b(b)(3)(A). (Dkt. 17.) Plaintiff alleges that Defendant obtained consumer and background reports on Plaintiff, Defendant's employees, and prospective employees, and took adverse action against employees, without making the statutorily required disclosures. (Dkt. 17.)

In the Motion and for the purpose of settlement, the parties agree to two settlement classes. First, the parties agree to the following class (the "Disclosure and Authorization Class"):

> All Air Canada employees and job applicants who applied for or worked in a position at Air Canada in the United States and who were the subject of a consumer report that was procured by Air Canada within five years of the filing of this complaint [July 30, 2018] through September 6, 2018 and as to whom Air Canada used a noncompliant FCRA disclosure.

(Dkt. 36 at 4.)  Additionally, the parties agree to the following subclass (the "Pre-Adverse Action Subclass"):

> All Air Canada employees and job applicants in the United States against whom an adverse employment action was taken based, in whole or in part, on information contained in a consumer report within five years of the filing of this complaint [July 30, 2018] through September 6, 2018 who were not provided a pre-adverse notice as required by 15 U.S.C. § 1681b(b)(3)(A).

(Dkt. 36 at 4.)   On March 7, 2019, the parties filed a notice of settlement of Plaintiff's claims. (Dkt. 27.)  In light of the settlement, the parties filed the Motion, seeking the Court's preliminary approval of the parties' class-wide settlement agreement ("Settlement Agreement").  (Dkt. 36-1.) Specifically, the parties request an order: (1) preliminarily approving the Settlement Agreement; (2) preliminarily certifying the class for settlement purposes only; (3) approving the form and manner of notice to the class; and (4) scheduling a fairness hearing for final approval of the Settlement Agreement.  (Dkt. 27.)

## ANALYSIS

Pursuant to Rule 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  "A class may be certified 'solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue.'"  *Borcea v. Carnival Corp*., 238 F.R.D. 664, 671 (S.D. Fla. 2006) (quoting *Woodward v. NOR–AM Chem. Co*., CIV. 94-0780-CB-C, 1996 WL 1063670, *14 (S.D. Ala. 1996)).  District courts are given discretion to certify a class under Rule 23.  *Cooper v. S. Co.,* 390 F.3d 695, 711 (11th Cir. 2004).  "In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases, because they and their counsel are in unique positions to assess the potential risks."  *Pierre-Val v. Buccaneers Ltd. P'ship*, 8:14-CV-01182-CEH, 2015 WL 3776918, at *1 (M.D. Fla. June 17,

2015). Further, a proposed class action settlement may be approved if it is "fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984).

## I.     The Settlement Agreement

The parties contend that the Settlement Agreement "is fair, reasonable, and adequate." (Dkt. 36 at 21.) In evaluating whether a settlement is fair, reasonable, and adequate, a court considers: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennett*, 737 F.2d at 986.

Here, the Settlement Agreement is not the product of fraud or collusion but instead is the product of the parties' arm's-length negotiations aided by experienced counsel. (Dkt. 36 at 21.) Further, evaluating the likelihood of success at trial supports approval of the Settlement Agreement because Defendant asserts numerous defenses to Plaintiff's claims and denies liability for any willful violations of the FCRA. (Dkt. 36 at 4.) Therefore, "because success at trial is not certain for Plaintiff, this factor weighs in favor of accepting the settlement." *Burrows v. Purchasing Power, LLC*, No. 1: 12-CV-22800, 2013 WL 10167232, at *6 (S.D. Fla. Oct. 7, 2013).

As to the range of possible recovery, the parties contend that Plaintiff could receive nothing if Defendant's defenses prevail. (Dkt. 36 at 23.) In her Amended Complaint, Plaintiff seeks to recover statutory damages of not less than $100 and not more than $1,000 for each alleged violation under the FCRA and punitive damages. (Dkt. 17.) The Settlement Agreement provides that Defendant agrees to a common fund of $100,000, to be distributed pro rata to Settlement Class

members.  (Dkt. 36 at 2.)  Each Settlement Class member will therefore receive approximately $77.41 before administration expenses and attorneys' fees, depending on the final number of Settlement Class members.  (Dkt. 36 at 2.)  After administration expenses and attorneys' fees, each Settlement Class member will receive approximately $41.61.  (*Id.*)  Although this amount is below the range of recovery, "the fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate."  *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534 (S.D. Fla. 1988) ("A settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery."), *aff'd*, 899 F.2d 21 (11th Cir. 1990).  The parties believe that the "Settlement Class will have a favorable reaction to the Settlement."  (Dkt. 36 at 23.)

With regard to the fourth and sixth factors of consideration, trying this case would be lengthy and expensive and could result in appeals.  This litigation has been pending for more than a year and the parties have undergone discovery.  (Dkts. 2; 36 at 1.)  The parties are well positioned to assess the strengths and weaknesses of this case and the benefits of the proposed Settlement Agreement.  Thus, considerations of the complexity, expense, and duration of the litigation in conjunction with the stage at which settlement was achieved support approval of the Settlement Agreement.  *See Fresco v. Auto Data Direct, Inc.*, No. 03-61063-CIV, 2007 WL 2330895, *6 (S.D. Fla. 2007) ("Were this matter to continue, numerous, complex issues of law would have to be resolved at the cost of considerable time and expense to the parties and the Court."); *Estate of Dolby ex rel. Koenig v. Butler & Hosch, P.A.*, No. 8:03-CV-2246-T-23TGW, 2006 WL 2474062, at *6 (M.D. Fla. Aug. 25, 2006) ("The proposed settlement is occurring early enough in the litigation that significant litigation fees and costs will be avoided, but not so early that counsel lacked sufficient information to make an informed decision.").  Finally, the amount of opposition

to the Agreement is not applicable because notice of the Agreement has not yet been provided to the Settlement Class members. *See Estate of Dolby*, 2006 WL 2474062, at *6.

Accordingly, the Court recommends the preliminary approval of the Settlement Agreement. For the reasons that follow, the Court further recommends that the Settlement Class, as defined in the Settlement Agreement and herein, be conditionally certified for settlement purposes.

## II.    Conditional Class Certification

"Although the parties have consented to certification of a settlement class in this case, the Court must independently determine whether this case meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) and 23(b), even if the certification is only for settlement purposes." *Borcea*, 238 F.R.D. at 676; *Holman v. Student Loan Xpress, Inc.*, No. 8:08-CV-305-T23MAP, 2009 WL 4015573, at *2 (M.D. Fla. Nov. 19, 2009). The requirements for bringing suit as a class set forth in Federal Rule of Civil Procedure 23 must be satisfied. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 622 (1997) ("Federal courts, in any case, lack authority to substitute for Rule 23's certification criteria a standard never adopted—that if a settlement is 'fair,' then certification is proper."); Fed. R. Civ. P. 23(c) advisory committee's note to 2003 amendment ("The provision that a class certification 'may be conditional' is deleted. A court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met.").

Plaintiff bears the burden of establishing that the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met. *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000). To sue as a class, the following requirements of Rule 23(a) must be met:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  "[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors."  *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (internal quotations and citations omitted).  "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'"  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  This means that there are "issues that are susceptible to class-wide proof."  *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001); *Holman*, 2009 WL 4015573, at *2 (internal quotations and citations omitted) ("Commonality is satisfied by the existence of at least one issue affecting all or a significant number of proposed class members.").

Typicality is shown when a "sufficient nexus exists between the claims of the named representatives and those of the class at large," *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000), which is established "if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory," *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984).  The final requirement, adequate and fair representation, "involves questions of whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation, and of whether plaintiffs have interests antagonistic to those of the rest of the class."  *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985).

The Court recommends that the Settlement Classes be found to satisfy the requirements of Rule 23(a).  First, the numerosity requirement is satisfied as the proposed class size consists of

"approximately 1,275 individuals." (Dkt. 36 at 11.) Next, commonality is satisfied because there is "at least one issue whose resolution will affect all or a significant number of the putative class members." *See Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotations omitted). Here, Plaintiff alleges that she was victim of a common practice by Defendant of obtaining consumer and background reports in violation of the FCRA. (Dkt. 17.) The parties contend that some of the common questions of fact and law include (1) "whether Defendant's FCRA disclosure satisfies the notice and authorization requirements under 15 U.S.C. § 1681b(b)(2)(A)," (2) "whether Defendant complied with 15 U.S.C. § 1681b(b)(3) when taking adverse action against applicants based on the contents of their consumer reports," and (3) "whether Defendant acted willfully in its failure to satisfy the requirements under the FCRA." (Dkt. 36 at 12.) Resolution of any one of these issues can be resolved as to the entire Settlement Class. Additionally, the parties cite numerous similar cases in which FCRA classes were found to satisfy commonality because "a defendant's purportedly uniform policies and procedures impacted class members in the same way." (Dkt. 36 at 13.)

Further, typicality is shown because Plaintiff possesses "the same interest and suffer[s] the same injury as the [Settlement Class] members." *See Murray*, 244 F.3d at 811. Here, the alleged harm to the Plaintiff is the same as the alleged harm suffered by the Settlement Class members— "that Defendant's FCRA form(s) failed to satisfy the requirements under the FCRA." (Dkt. 36 at 15.) "[T]here is no variation in legal theory" between Plaintiff's claims and the claims of the Settlement Class. *See Kornberg*, 741 F.2d at 1337.

Finally, both components of the final requirement of Rule 23(a) are met. First, Plaintiff, as class representative, does not have interests antagonistic to the class. Rather, her interests align with the interests of the Settlement Class because Plaintiff and the Settlement Class seek redress

of the same alleged wrong.  *See Fresco*, 2007 WL 2330895, at *2 (finding the first prong of the adequacy requirement satisfied because "[b]oth the Named Plaintiffs and the settlement class members share the common interest of protecting their [ ] information," and "[e]ach settlement class member will benefit from the injunctive relief that will be provided by the proposed settlement").  Further, although Plaintiff will receive an incentive award (Dkt. 120 at 3), "the incentive award is not to compensate [Plaintiff] for damages but to reward [it] for [its] efforts on behalf of the Settlement Class."  *Burrows*, 2013 WL 10167232, at *4.  As to the second prong, Plaintiff's counsel understands the claims in this case and possesses class action experience.  (*See* Dkt. 36-2.)

In addition to meeting the requirements of Rule 23(a), Plaintiff must also satisfy one of the subparts of Rule 23(b).  Fed. R. Civ. P. 23(b).  Plaintiff contends that the requirements of Rule 23(b)(3) are met, which requires that the court find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  *Id.* at 23(b)(3); *Amchem*, 521 U.S. at 623 (explaining that the "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation").  Courts consider factors such as "the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action."  Fed. R. Civ. P. 23(b)(3).  Given the nature of the alleged wrong and the value of each Settlement Class member's potential damages, there is no strong interest in each member bringing a separate action.  Further, no evidence has been presented of

other litigation brought by the Settlement Class members.  The members of the Settlement Class suffered the same alleged injury and seek relief under the same legal theory; thus, "[a]s a practical matter, requiring multiple actions by each [Settlement Class member] would be financially burdensome and judicially inefficient."  *Holman*, 2009 WL 4015573, at *3.  Additionally, the parties point out that the Settlement Class members come from various regions of the country and the Settlement Agreement will allow all claims to be resolved in one case.  (Dkt. 36 at 18.)

Accordingly, the Court recommends that the Settlement Class, as defined herein, be conditionally certified for settlement purposes.  Further, upon consideration of the factors set forth in Rule 23(g)(1), the Court recommends that Brandon J. Hill of Wenzel Fenton Cabassa, P.A. be appointed as class counsel ("Class Counsel"), Fed R. Civ. P. 23(c)(1)(B), and Plaintiff Mary Dukes be appointed as the class representative.

### III.    Class Notice

Rule 23(e), governing the settlement of class claims, requires that the court "direct notice in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1).  For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  *Id.* at 23(c)(2)(B).  The notice must state, "clearly and concisely" and "in plain, easily understood language," the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*

Plaintiff proposes to provide notice of the Settlement Agreement to the Settlement Class by first class mail to the last known address of the Settlement Class member, as maintained in Defendant's records or obtained by the third-party settlement administrator, American Legal Claim Services, LLC.  (Dkt. 36-1 at 12–13.)  The proposed form of notice ("Notice") (Dkt. 36-1, Ex. A) contains reference to a website ("Settlement Website"), where a detailed notice of class action settlement will be posted and relevant pleadings and settlement documents, including the Settlement Agreement, may be found.  (Dkt. 36-1, Exs. A, B.)  This proposed method of providing notice is reasonable.  Upon review of the Notice, it is recommended that the Notice be approved as it complies with the all portions of Rule 23(c)(2)(B).

## IV.    Final Confirmation Schedule

Finally, the Court recommends that the following proposed schedule (as set forth in the Settlement Agreement) be adopted:

1.  The approved Notice be sent to the Settlement Class members and the Settlement Website be set up by the Settlement Administrator (as defined in the Settlement Agreement) within fourteen (10) days from the date the Court enters an order on the Motion;

2.  Settlement Class members be given thirty (60) days from the date the Notice is sent to submit written requests to opt-out of the Settlement Agreement to the Settlement Administrator or be bound by the Settlement Agreement;

3.  Settlement Class members be given thirty (60) days from the date the Notice is sent to file objections with the Clerk of Court and served on Class Counsel and counsel for Defendant; and

4.   A final fairness hearing be held before the Court, and any motions for attorneys' fees, expenses, and incentive awards be filed no later than ten (10) days before the final fairness hearing.

Additionally, the Court recommends that the parties be required to file a motion for final approval of the Settlement Agreement no later than fourteen (14) days before the final fairness hearing.

Accordingly, it is **RECOMMENDED**:

1.   Joint Motion for Preliminary Approval of Class Action Settlement (Dkt. 36) be **GRANTED**;

2.   Brandon J. Hill of Wenzel Fenton Cabassa, P.A. be appointed as class counsel and Plaintiff Mary Dukes be appointed as the class representative.  *See* Fed. R. Civ. P. 23(c)(1)(B), (g);

3.   The Notice be approved; and

4.   The proposed schedule described herein be approved and adopted.

**IT IS SO REPORTED** in Tampa, Florida, on September 6, 2019.


_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Elizabeth A. Kovachevich
Counsel of Record