UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY DUKES, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                                   Case No.: 8:18-cv-02176-T-60JSS

AIR CANADA,

    Defendant.
_____/

## STIPULATED FINAL JUDGMENT

This matter is before the Court on the parties' proposed final stipulation of class action settlement (Doc. 51). In accordance with this Court's January 30, 2020, Order (Doc. 50), the Court grants final approval of the class action settlement and enters judgment as follows:

    1.    <u>Incorporation of Definitions</u>. This Order incorporates by reference the definitions set forth in the Joint Motion for Final Approval and the Settlement Agreement, and all terms used herein shall have the same meaning as set forth in those filings.

    2.    <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members, and Defendant. Jurisdiction is retained by this Court for matters arising out of the Settlement Agreement.

3. <u>Article III Standing</u>.  The Court finds that Named Plaintiff Mary Dukes has Article III standing for the claims she brought against Defendant under 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3).

4. <u>Final Approval of Settlement</u>. The Court hereby adopts and approves the Agreement and the settlement terms contained therein and finds that it is in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of the law, and in the best interest of the parties and the Settlement Class. The Court finds that the Parties dispute the merits of the claims and the appropriateness for trying the claims on a class basis. The case involves complex issues of fact and law and the settlement terms reflect the inherent uncertainty of litigation and the challenges of establishing liability in a complex case brought under Federal Rule of Civil Procedure 23.  Accordingly, the Court directs the parties and their counsel to implement and consummate the settlement in accordance with the terms and conditions of all portions of the Agreement.

5. <u>Notice</u>.  The Court finds that the notice to the Class of the pendency of the Action and of this settlement constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class, and fully complied with the requirements of due process and of all applicable statutes and laws.

6. <u>Final Class Certification</u>. The parties seek final certification of one settlement class based on Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Pursuant to Rule 23(c), the Court finally certifies, for settlement purposes only, the following Settlement Classes:

> Disclosure and Authorization Class: All Air Canada employees and job applicants who applied for or worked in a position at Air Canada in the United States and who were the subject of a consumer report that was procured by Air Canada within five years of the filing of this complaint [July 30, 2018] through September 6, 2018 and as to whom Air Canada used a noncompliant FCRA disclosure.

> Pre-Adverse Action Subclass: All Air Canada employees and job applicants in the United States against whom an adverse employment action was taken based, in whole or in part, on information contained in a consumer report within five years of the filing of this complaint [July 30, 2018] through September 6, 2018 who were not provided a pre-adverse notice as required by 15 U.S.C. § 1681b(b)(3)(A).

7. Findings. In connection with this final certification, the Court makes the following final findings:

    A. The "Disclosure and Authorization Class" of approximately 1,200 members and the "Pre-Adverse Action Subclass" both appear to be so numerous that joinder of all members is impracticable;

    B. There appear to be questions of law or fact common to the Settlement Classes for purposes of determining whether this Settlement should be approved;

    C. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

    D. Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

    E. Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Classes. Accordingly, the Settlement Classes appear sufficiently cohesive to warrant settlement by representation; and

    F. Certification of the Settlement Classes appears superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

  8. <u>Class Counsel</u>.  Brandon J. Hill of Wenzel Fenton Cabassa, P.A. will continue to serve as Class Counsel for the Settlement Class.

  9. <u>Class Representative</u>.  Plaintiff Mary Dukes will continue to serve as Class Representative for the Settlement Class.

  10. <u>Settlement Consideration</u>.  Defendant and Plaintiff are hereby ordered to comply with the terms and conditions contained in the Settlement Agreement, which is incorporated by reference herein.

  11. <u>Applicability</u>.  The provisions of this Final Order are applicable to and binding upon and inure to the benefit of each party to the Action (including each Settlement Class Member and each of Defendants' successors and assigns). All persons who are included within the definition of the Settlement Class and who did not properly file requests for exclusion are therefore bound by this Final Order and by the Settlement Agreement.

  12. <u>Release</u>. As of the Effective Date, the Settlement Class members, including Plaintiff (collectively, the "Releasing Parties"), but excluding those

individuals who asked to be excluded from the Settlement, release Defendant and its affiliates and subsidiaries ("Released Parties") from the "Released Claims." The Releasing Parties stipulate and agree that upon the Court's final approval of this Settlement Agreement, the claims in the case shall be dismissed with prejudice. The Releasing Parties, on behalf of themselves and their respective assigns, agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

13. <u>Requests for Exclusion</u>. Only one request for exclusion was received from an individual class member named Robert Dye.

14. <u>Settlement Fund</u>. Defendant will create a non-reversionary fund for Class Members consisting of $100,000.00. The Class Members will not be required to take any action to receive a portion of the funds, making it a "claims paid" settlement. Members of the class will receive a *pro rata* gross amount of the settlement fund. The named Plaintiff, Mary Dukes, is awarded an incentive award of $5,000.00, which will be deducted from the Settlement Fund before the funds are distributed.

15. <u>Class Counsel Attorneys' Fees, Costs</u>. Plaintiff's counsel is awarded fee and costs consisting of $33,333.33 to be paid in accordance with the terms and conditions in the Settlement Agreement.

16. <u>Cy pres</u>. BayCare Legal Services, Inc., a non-profit charity is appointed by the Court as the *cy pres* recipient.

17.     <u>Final Order</u>.  The Court orders that this Final Approval Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties and the Settlement Class.

18.     <u>Dismissal</u>.  The Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

19. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>12th</u> day of February, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**